NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE ISAIAS SORIANO RAMIREZ, | |
| Petitioner, | No. 26cv1435 (EP) |
| v. | OPINION |
| CORY CHU, *et al.*, | |
| Respondents. | |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, D.E. 1 ("Petition"), seeking release from alleged unlawful detention by immigration authorities. Respondents filed an answer to the Petition. D.E. 5 ("Answer"). The Court, having reviewed all pleadings, motions, and supporting documents, and having determined that oral argument is unnecessary, *see* Fed. R. Civ. P. 78(b), L. Civ. R. 78.1(b), finds that Petitioner is unlawfully detained and entitled to release.

I.   BACKGROUND

Petitioner, a citizen of El Salvador, entered the United States without inspection more than ten years ago and has lived here since then. Petition ¶ 5; Answer at 1. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on February 6, 2026. Petition ¶ 2; Answer at 1. According to ICE, Petitioner is detained without bond under 8 U.S.C. § 1225(b)(2), pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025). Answer at 1. ICE does not dispute that Petitioner lacks a criminal history in the United States. Answer at 2.

## II. DISCUSSION

### A. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence." *Walker v. Johnston*, 312 U.S. 275, 286 (1941). District courts also have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and the ability to grant equitable relief in the absence of an exclusive statutory review scheme. *See Semper v. Gomez*, 747 F.3d 229, 235 n.2, 242 (3d Cir. 2014).

### B. Petitioner Is Unlawfully Detained Under 8 U.S.C. § 1225(b)(2)(A) and in Violation of his Fifth Amendment Right to Due Process

Petitioner contends that he is unlawfully detained under § 1225(b)(2)(A) because he entered the country without inspection years ago and, therefore, is not an "arriving alien" who is "seeking admission" into the United States. Petition ¶¶ 27–53. Petitioner relies on the many district court decisions, in this District and beyond, rejecting the Board of Immigration Appeals' statutory interpretation of 8 U.S.C. § 1225(b)(2), which permitted his mandatory detention without a bond hearing. Petition ¶¶ 34, 35 (collecting cases).

Petitioner further contends that his detention under § 1225(b)(2)(A) violates his due process rights under the Fifth Amendment because he did not receive a pre-deprivation hearing, which would have permitted his discretionary detention under 8 U.S.C. § 1226(a). Petition ¶ 54.

2

For relief, Petitioner seeks immediate release and pre-deprivation notice and a hearing before any attempt to remove him from the United. States.  Petition at 37.

Respondents contend that Petitioner is lawfully detained under § 1225(b)(2) because he entered the country without inspection or parole and was initially detained by immigration authorities in the interior of the country without having been lawfully admitted.  Answer at 1–2.  However, Respondents acknowledge that their answer to this Petition relies on the same statutory interpretation arguments made, and rejected, in the prior § 1225(b)(2) matters in this District and further acknowledge that this Petition asserts facts similar to those prior cases.  Answer at 1, n. 1.  For the same reasons stated by this Court in *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025) and the District of New Jersey cases cited by Petitioner, *Zumba v. Bondi*, 2025 WL 2753496 (D.N.J. Sept. 26, 2025); *Castillo v. Lyons*, 2025 WL 2940990 (D.N.J. Oct. 10, 2025); and *Macancela Buestan v. Chu*, 2025 WL 2972252 (D.N.J. Oct. 21, 2025), the Court holds his mandatory detention under § 1225(b)(2) violates the statute and his Fifth Amendment right to due process.

Petitioner contends that the only proper remedy is his release because he was not taken into custody under the procedures required by 8 U.S.C. § 1226(a) for discretionary detention.  Petition ¶ 54.  Respondents submit that if the Court finds Petitioner's detention unlawful, the only proper remedy is a bond hearing under § 1226(a).  Answer at 2.  The Court finds that release from detention is a proper remedy for Petitioner's unlawful detention.  *See, e.g.*, *Lliguicota v. Cabezas*, No. 25-17216, 2025 WL 3496300, at *2 (D.N.J. Dec. 5, 2025) (ordering immediate release where the "record contain[ed] no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents ha[d] not identified any basis under § 1226(a) that could support Petitioner's continued detention"); *Lopez v. Benitez*, 795 F. Supp. 3d 475, 497 (S.D.N.Y.

3

2025) ("[G]iven the nature of the constitutional violation Mr. Lopez Benitez sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment *before* detaining him—any post-deprivation review by an immigration judge would be inadequate."); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

### III.    CONCLUSION

Petitioner is unlawfully detained under § 1225(b)(2)(A). The statute and his constitutional right to due process require his release from unlawful detention. The Court will accordingly **GRANT** the Petition. Respondents shall release Petitioner by 5:00 p.m. on March 13, 2026. Respondents shall, within 3 days of his release, file a status report indicating compliance with this Order. If Respondents subsequently arrest Petitioner by warrant under 8 U.S.C. § 1226(a), they must make the initial flight risk or danger to the community determination under 8 C.F.R. § 236.1(c)(8) and afford him a bond hearing pursuant to 8 C.F.R. § 236.1(d).

An appropriate Order follows.

Dated: March 13, 2026

*Evelyn Padin*
Evelyn Padin, U.S.D.J.